**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Gregory L. Arens, et al.,** | **Civil No. 06-4701 (DSD-JJG)** |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Hormel Foods Corporation,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above matter came before the undersigned on May 8, 2007 on a motion to dismiss (Doc. No. 11) by defendant Hormel Foods Corporation (Hormel). Donaldson V. Lawhead, Esq., appeared for the plaintiffs. Thomas L. Nuss, Esq., appeared for Hormel. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

### A.   Introduction

In this employment litigation, the plaintiffs bring claims against Hormel for disability discrimination under the Americans with Disabilities Act (ADA) and for obstruction of workers compensation benefits in violation of Minn. Stat. § 176.82. Hormel now moves to dismiss for failure to state a claim, arguing the allegations in the plaintiffs' complaint are not sufficient to plead either claim.

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim where the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this question, a court shall only examine the pleadings, taking all reasonable inferences in favor of the nonmoving party. *Potthoff v. Morin*,

245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

This standard is a liberal one, and as some courts have noted, it must be beyond doubt that the plaintiff has no claim for relief. *See, e.g., Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). Nonetheless, the nonmoving party must still allege "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2006). So a court is free to ignore legal conclusions presented in the form of factual allegations. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

**B.    Analysis**

**1.    ADA**

Hormel first argues that, because the plaintiffs have not adequately pleaded a disability, the plaintiffs fail to state a claim under the ADA. For such a claim, disability is defined by 42 U.S.C. § 12102(2), which provides,

> The term "disability" means, with respect to an individual—
>
> (A)    a physical or mental impairment that substantially limits one or more major life activities of the individual;
>
> (B)    a record of such an impairment; or
>
> (C)    being regarded as having such an impairment.

The definition offers three theories of disability, of which two are material here. One is supplied by § 12102(2)(A), which requires the plaintiff to demonstrate an actual impairment. The other theory is supplied by § 12102(2)(C). It does not require the plaintiff to show an impairment so long as the defendant

is regarded as having an impairment. The latter theory is often referred to as a "regarded as" theory of disability.

Consistent with § 12102(2)(A), when asserting disability caused by an actual impairment, the plaintiff must allege that the impairment substantially limits a major life activity. A similar principle applies to the "regarded as" theory, except that the plaintiff must allege that the perceived disability is *believed* to substantially limit a major life activity. No actual impairment or limits need to be alleged. *Sutton v. United Airlines*, 527 U.S. 471, 491-94 (1999).

So when pleading a disability based on an actual impairment, the failure to allege a specific impairment, or to allege how that impairment substantially limits a major life activity, is inadequate and will not state a claim under the ADA. *See, e.g., Putkowski v. Warwick Valley Cent. Sch. Dist.*, 363 F.Supp.2d 649, 654-55 (S.D.N.Y. 2005); *Collins v. OSF Heathcare Sys.*, 262 F.Supp.2d 959, 963-64 (C.D.Ill. 2003); *Simmons v. Ohio Civil Serv. Employees Ass'n*, 259 F.Supp.2d 677, 682-83 (S.D.Ohio 2003). The same is true, under a "regarded as" theory, where the plaintiff fails to allege what impairments were believed to be a disability or how the impairments were thought to limit a major life activity. *See Smith v. Rosenthal Collins Group, LLC*, 340 F.Supp.2d 860, 861 (W.D.Tenn. 2004); *Lee v. Southeastern Pennsylvania Transp. Auth.*, 418 F.Supp.2d 675, 677-78 (E.D.Pa. 2005).

Even where actual or perceived impairments are sufficiently alleged, there must also be some allegations that show substantial limits on a major life activity. Some district courts have suggested a plaintiff must specify the affected major life activities in the complaint. *See, e.g., Mitchell v. Yates*, 402 F.Supp.2d 222, 228-29 (D.D.C. 2005); *Puckett v. Park Place Entertainment Corp.*, 332 F.Supp.2d 1349, 1353, 1353-55 (D.Nev. 2004).

3

But other district courts, as well as those appellate courts to address the question, hold it is sufficient to allege facts from which substantial limits may be inferred. *See Wiexel v. Bd. of Educ.*, 287 F.3d 138, 146-47 (2d Cir. 2002); *Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 851-52, 854 (6th Cir. 2001); *see also Rohm v. Homer*, 367 F.Supp.2d 1278, 1283-84 (N.D.Cal. 2005); *Saunders v. Baltimore County*, 163 F.Supp.2d 564, 568 (D.Md. 2001). Under a "regarded as" theory, however, there must be at least some allegations regarding the beliefs of the defendant. *Francis v. City of Meridien*, 129 F.3d 281, 285 (2d. Cir. 1997); *Andrews v. Ohio*, 104 F.3d 803, 809-10 (6th Cir. 1997).

The parties devote substantial argument to the decision of the Northern District of Iowa in *Adler v. I&M Rail Link, L.L.C.* 13 F.Supp.2d 912 (N.D.Iowa 1998), *overruled on other grounds by Cossette v. Minnesota Power & Light*, 188 F.3d 964 (8th Cir. 1999). Like the current case, *Adler* involved several employees who allegedly sought workers compensation benefits but then suffered adverse employment actions. The employees raised a claim under the ADA, but their complaint did not allege any impairments or substantial limits on major life activities. *Id.* at 938.

The *Adler* court held the complaint did not adequately plead disability and concluded that the employees failed to state a claim under the ADA. *Id.* at 937-38. But the court went on to offer the following dicta. If the employees alleged that their employer knew of the workers' compensation claims, *and* that their employer perceived them to be disabled, then they might successfully plead disability on a "regarded as" theory. *Id.* This reasoning, however, cannot be treated as a precedential rule of decision from the court.

Turning to the complaint in the current litigation, the plaintiffs allege that they have suffered from "work-related injuries and physical restrictions or physical disabilities." They do not provide details about these injuries or describe any resulting physical impairments. Nor do they allege how these impairments substantially limited any major life activities, or facts that allow an inference of such limits. But the plaintiffs do imply, without further explanation, that they are seeking workers compensation and they were the object of disability discrimination for this reason.

No impairments are alleged in the complaint, and therefore, it plainly fails to plead an actual disability under § 12102(2)(A). *See Lee*, 418 F.Supp.2d at 677-78. Perhaps in anticipation of this outcome, the plaintiffs chiefly devote their argument to whether they may be regarded as having a disability under § 12102(2)(C).

They correctly note that, under this theory, the existence of an actual disability need not be alleged. Consistent with the dicta from the *Adler* court, the plaintiffs contend that they were seeking workers compensation, and so it may be inferred that Hormel believed they were impaired and they suffered substantial limits on major life activities.

This chain of inferences has no reasonable support in the complaint. All the plaintiffs allege is that they applied for workers compensation benefits. They have not alleged that, because they applied for such benefits, Hormel believed they were impaired or were substantially limited in major life activities. Assuming that the *Adler* court had persuasive value here, it is not possible to infer from existing allegations how Hormel came to believe the plaintiffs were disabled.

Without allegations that Hormel believed the plaintiffs were disabled, or at minimum some reason to infer Hormel had this belief, the plaintiffs do not plead a "regarded as" theory of disability under

5

§ 12102(2)(C). *See Sutton*, 527 U.S. at 491-94; *Francis*, 129 F.3d at 285; *Andrews*, 104 F.3d at 109-10. Because the plaintiffs have not adequately pleaded a theory of disability, their complaint fails to state a claim under the ADA.

### 2. Obstruction of Workers Compensation Benefits

Regarding the plaintiffs' remaining claim, Hormel asserts that the plaintiffs are required to plead that they were discharged or threatened with discharge. Hormel broadened this argument at the motion hearing, adding that the plaintiffs did not plead any facts showing that they even applied for workers compensation. The plaintiffs counter they need only allege that Hormel took an adverse employment action against them, and that this action was intended to discourage claims for workers compensation.

The plaintiffs' claim for obstruction of workers compensation benefits arises under Minn. Stat. § 176.82, subd. 1, which provides in relevant part,

> Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing any employee seeking workers' compensation benefits is liable
> . . . .

The statute outlines three potential theories of action: discharge; threats of discharge; and intentional obstruction. *See Flaherty v. Lindsay*, 467 N.W.2d 30, 32 (Minn. 1991). So allegations of discharge, or a threat of possible discharge, are not the only bases for a claim. The action may also be founded on allegations that the employer, or any other person for that matter, intentionally interfered with a claim. *Summers v. R&D Agency, Inc.*, 593 N.W.2d 241, 244 (Minn. App. 1999).

Though Hormel argues that the plaintiffs must allege a discharge or threat of discharge, the plaintiffs are not limited to this theory, and they do not fail to state a claim for this reason. But as Hormel has

correctly pointed out, to bring action on a theory of intentional interference, the plaintiffs must allege they actually applied for benefits and did not receive them. *See Flaherty*, 467 N.W.2d at 33; *Summers*, 593 N.W.2d at 244. Because the plaintiffs have not made such allegations, they fail to state a claim for obstruction of workers compensation benefits.

### 3. Stay and Opportunity to Cure

Anticipating that their claims may not survive dismissal, the plaintiffs ask that dismissal be stayed, and that they be given time to amend and cure their complaint. On a motion to dismiss for failure to state a claim, a court has discretion to grant this relief. *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983). And this remedy is frequently granted in employment discrimination cases under the ADA, even where the pleadings are plainly inadequate. *See, e.g., Collins v. OSF Heathcare Sys.*, 262 F.Supp.2d 959, 964 (C.D.Ill. 2003); *Olmsted v. Defosset*, 205 F.Supp.2d 1316, 1320 (M.D.Fla. 2002); *Kaiser v. Banc of America Inv. Servs.*, 296 F.Supp.2d 1219, 1222-23 (D.Nev. 2003).

Under the circumstances here, it is appropriate for the plaintiffs to have time to amend and cure their complaint. This Court shall recommend dismissal, but also that this dismissal be stayed pending the submission of an amended complaint.

### C. Recommendation

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Hormel's motion to dismiss (Doc. No. 11) be **GRANTED** but that this dismissal be **STAYED** as provided below.

2. If the plaintiffs intend to object to this report and recommendation, in order to argue that their original complaint does state a claim, they shall do so in the time allowed under Local Rule 72.2(b). Once this time has passed, the plaintiffs shall not have any further opportunity to object to this report and recommendation.

3. Once time for objections has passed, the District Court may either grant dismissal or stay dismissal. Should the District Court order the latter, the plaintiffs shall have an opportunity to cure their complaint as follows.

4. No later than fourteen days after the District Court orders the stay, the plaintiffs shall file an affidavit and attach a proposed amended complaint. No later than seven days after this filing, Hormel may file an opposing memorandum; and no later than seven days after that, the plaintiffs may file a reply.

5. Once these papers are filed, this Court shall take the proposed amended complaint under advisement without a hearing.

   a. If the proposed amended complaint meets the requirements of Rule 15(a), then this Court shall grant leave to amend, and shall further recommend that the motion to dismiss be denied as moot.

   b. If the proposed amended complaint fails to meet the requirements of Rule 15(a), then this Court shall deny leave to amend, and shall further recommend that the stay be lifted and that this matter be dismissed.

6. Notwithstanding the directions in this report and recommendation, the parties may submit a stipulation and proposed order, through which the plaintiffs amend their current complaint and Hormel withdraws its motion to dismiss.

Dated this 16th day of May, 2007.                              s/Jeanne J. Graham

                                                               JEANNE J. GRAHAM
                                                               United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by June 5, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.