UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-4701(DSD/JJG)

Gregory L. Arens, Thomas E.
Clements, Charles A. Crosby,
Michael D. McCabe, James E.
Retterath and John R. Van Denover,

　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Hormel Foods Corporation,

　　　　Defendant.


　　　　Donaldson V. Lawhead, Esq., 506 West Oakland Avenue,
　　　　Austin, MN 55912, counsel for plaintiffs.

　　　　Thomas L. Nuss, Esq., Hormel Foods Corporation, 1 Hormel
　　　　Place, Austin, MN 55912, counsel for defendant.


　　　　This matter is before the court on defendant's motion for summary judgment. Based on a review of the file, record and proceedings herein, and for the reasons stated, defendant's motion is granted.


**BACKGROUND**

　　　　This dispute arises out of defendant Hormel Foods Corporation's ("Hormel") placement of plaintiffs on a Tuesday through Saturday work schedule. Plaintiffs are six current or former mechanics in Hormel's production facility in Austin, Minnesota, all of whom worked for Hormel for over twenty years

almost exclusively on a Monday through Friday schedule with occasional weekend overtime.[1]  Plaintiffs all received workers' compensation benefits at various times throughout their careers at Hormel. (Arens Dep. Ex. 7; Clements Dep. Ex. 4; Crosby Dep. Ex. 3; McCabe Dep. Ex. 1; Retterath Dep. Ex. 6; VanDenover Dep. Ex. 4.)

On April 14, 2004, Hormel's superintendent of plant engineering, Mike Nibaur ("Nibaur"), met with plaintiffs Gregory Arens ("Arens"), Thomas Clements ("Clements"), Charles Crosby ("Crosby"), James Retterath ("Retterath") and John VanDenover ("VanDenover") to inform them that they would begin working a Tuesday to Saturday schedule.  Nibaur told these plaintiffs that the schedule change was a result of their medical work restrictions, which limited them to forty-hour workweeks.[2]  Nibaur also mentioned that if plaintiffs' medical restrictions were removed they could return to a Monday through Friday schedule.  At a second meeting, Hormel's Human Resources Manager, Scott Haynes ("Haynes"), reiterated Nibaur's statement.

Arens, Clements, Retterath and VanDenover began working the Tuesday to Saturday schedule on May 3, 2004.  Instead of working

---

[1] Two of the plaintiffs worked a Tuesday to Saturday schedule for a brief period in October 2002.  (See Haynes Decl. Ex. C.)

[2] The medical restrictions that these plaintiffs were working under in April 2004 arose on the following dates: Arens in 2001 or 2002, (Arens Dep. at 42); Clements in May 2002, (Clements Dep. at 29); Crosby in 2002, (Crosby Dep. at 17-19); Retterath in February 2002, (Retterath Dep. at 20); VanDenover in July 2003, (VanDenover Dep. at 29).

that schedule, Crosby took a leave of absence beginning on April 15, 2004, and ended his employment with Hormel on September 30, 2004.  Retterath worked the Tuesday to Saturday schedule until his retirement on February 25, 2005.  Arens, Clements and VanDenover eventually returned to a Monday through Friday schedule despite retaining their medical restrictions, and retired from Hormel thereafter.[3]

Plaintiff Michael McCabe ("McCabe") acquired a forty-hour workweek restriction in March 2004 because of a shoulder injury. McCabe had surgery on the shoulder and returned to work in mid-July under the same restriction.  As a result, McCabe worked the Tuesday through Saturday schedule from September 20, 2004, until the restriction was removed on November 15, 2004.  (Haynes Decl. ¶ 6; McCabe Dep. at 20-21.)  McCabe presently works a Monday through Friday schedule.

Arens, Clements, Crosby and Retterath ("EEOC plaintiffs") filed a charge of discrimination against Hormel with the Equal Employment Opportunity Commission ("EEOC") on June 30, 2004, and obtained a right to sue letter on September 16, 2006.  The EEOC plaintiffs brought this action on November 30, 2006, along with McCabe and VanDenover.  The amended complaint asserts claims for

---

[3] Arens returned to a Monday through Friday schedule on August 16, 2004, and the other two returned to that schedule in July 2005. Arens and VanDenover retired in September 2005, and Clements retired in September 2007.

violation of the Americans with Disabilities Act ("ADA") and Minnesota workers' compensation law.  Hormel now moves for summary judgment.

## DISCUSSION

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party.  See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support each essential element of his claim, summary judgment must be granted

because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 322-23.

## II. Americans with Disabilities Act

The EEOC plaintiffs argue that Hormel discriminated against them in violation of the ADA by placing them on the Tuesday to Saturday schedule.[4]  The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability of such individual."  42 U.S.C. § 12112(a).  Absent direct evidence of discrimination, the familiar McDonnell Douglas burden-shifting framework applies to ADA claims.  Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1034 (8th Cir. 2007) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)).  Under that framework, a plaintiff must first establish a prima facie case of disability discrimination.  Id.  A prima facie case requires a plaintiff to show that (1) he was disabled, (2) he was qualified to perform the essential functions of the job, with or without a reasonable accommodation, and (3) he suffered an adverse employment action.  Id.

Hormel contends that the EEOC plaintiffs were not disabled and suffered no adverse employment action.  Assuming the EEOC plaintiffs were disabled, the court determines that they did not

---

[4] McCabe and VanDenover did not file a charge of discrimination with the EEOC and are thus precluded from pursuing an ADA claim here.  See McKenzie v. Lunds, Inc., 63 F. Supp. 2d 986, 1000 (D. Minn. 1999).

5

suffer an adverse employment action. Action short of discharge may constitute an adverse employment action. <u>Montandon v. Farmland Indus., Inc.</u>, 116 F.3d 355, 359 (8th Cir. 1997) (citation omitted). An employment action, however, is not adverse merely because it "makes an employee unhappy." <u>Buboltz v. Residential Advantages, Inc.</u>, 523 F.3d 864, 868 (8th Cir. 2008) (quotation omitted). Rather, an "employee suffers an adverse employment action when there is a tangible change in duties or working conditions constituting a material employment disadvantage." <u>Baucom v. Holiday Cos.</u>, 428 F.3d 764, 767 (8th Cir. 2005) (quotation omitted). "Termination, cuts in pay or benefits, and changes that affect an employee's future career prospects are significant enough to meet the standard, as would circumstances amounting to a constructive discharge." <u>Id.</u> (quotation omitted). A "job reassignment involving no corresponding reduction in salary, benefits, or prestige," and "minor changes in duties or working conditions, even unpalatable or unwelcome ones," are not adverse employment actions. <u>Buboltz</u>, 523 F.3d at 868 (citations omitted).

In this case, the schedule change neither reduced the EEOC plaintiffs' salaries or benefits nor materially changed or diminished their job responsibilities. Nevertheless, the EEOC plaintiffs claim that working a Tuesday to Saturday schedule constitutes a material employment disadvantage because it is much less desirable than a Monday to Friday schedule. Before acquiring

6

medical work restrictions, however, the EEOC plaintiffs - like other Hormel mechanics - occasionally worked overtime on weekends. Indeed, at the time of the schedule change the other mechanics in plaintiffs' area of Hormel's production facility regularly worked Saturdays in addition to their Monday through Friday schedules. (Nuss Decl. Ex. 2.)  Therefore, although the EEOC plaintiffs were not eligible for overtime pay due to their forty-hour work limitations, requiring them to work on Saturdays is not a reduction in prestige sufficient to establish a material employment disadvantage.  Accordingly, the EEOC plaintiffs have not stated a prima facie case of disability discrimination, and the court grants Hormel's motion for summary judgment on this claim.

**III.  Workers' Compensation Claims**

All plaintiffs assert claims under Minnesota Statutes § 176.82, which prohibits "[a]ny person [from] discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits."  Minn. Stat. § 176.82, subdiv. 1.  "This statute prohibits two specific types of conduct: retaliatory discharges (or threatened discharges) and obstructions of workers' compensation benefits."  Flaherty v. Lindsay, 467 N.W.2d 30, 32 (Minn. 1991).

### A.  Threat to Discharge

The McDonnell Douglas burden-shifting framework applies to retaliation claims under § 176.82. Benson v. Nw. Airlines, Inc., 561 N.W.2d 530, 539 (Minn. Ct. App. 1997). To establish a prima facie case of retaliation, plaintiffs must show that (1) they engaged in statutorily protected activity, (2) they suffered an adverse employment action, and (3) a causal connection existed between the two events. Ciszewski v. Eng'd Polymers Corp., 179 F. Supp. 2d 1072, 1092 (D. Minn. 2001) (citing Kunferman v. Ford Motor Co., 112 F.3d 962, 965 (8th Cir. 1997); Dietrich v. Can. Pac. Ltd., 536 N.W.2d 319, 327 (Minn. 1995)).

Plaintiffs argue that their schedule change, combined with the statements by Nibaur and Haynes informing them that absent their medical restrictions they could return to a Monday through Friday schedule, constituted threats to discharge them for seeking workers' compensation benefits. As noted above, however, plaintiffs' schedule change was not an adverse employment action. Moreover, plaintiffs received workers' compensation benefits from Hormel on several occasions throughout their careers without recrimination, and no facts suggest a causal nexus between the schedule change and any application for benefits. Therefore, plaintiffs cannot establish a prima facie case of retaliation based upon their schedule change and the accompanying comments made by Nibaur and Haynes.

Plaintiffs also attempt to support their prima facie case by pointing to instances in which Clements received allegedly wrongful "strikes,"[5] was treated poorly and was required to disregard his medical restrictions after he began receiving benefits.  In addition, plaintiffs refer to instances in which Retterath was assigned tasks outside the scope of his medical restrictions and denied a vacation after receiving benefits.  Clements and Retterath, however, have not presented facts indicating that their applications for or receipt of workers' compensation benefits caused these alleged adverse employment actions.  Accordingly, the court grants Hormel's motion for summary judgment on plaintiffs' retaliation claim.

**B.   Intentional Obstruction**

A claim for intentional obstruction of benefits requires plaintiffs to show that Hormel deliberately obstructed or hindered the benefits due to them in "a manner that is outrageous and extreme."  Bergeson v. U.S. Fid. & Guar. Co., 414 N.W.2d 724, 727 (Minn. 1987).  Relief under the statute for intentional obstruction is available only upon "some actual denial or disruption in the receipt of benefits."  Flaherty, 467 N.W.2d at 32; see also Summers v. R&D Agency, Inc., 593 N.W.2d 241, 244 (Minn. Ct. App. 1999).

---

[5] The collective bargaining agreement governing plaintiffs' employment provided that three "strikes" within a twelve-month period was grounds for termination.  (Lawhead Aff. Ex. A.)

Plaintiffs claim that the schedule change obstructed their right to work within their medical restrictions. Hormel, however, did not require plaintiffs to work more than forty hours a week, and plaintiffs do not allege that their workers' compensation benefits were ever denied or disrupted. Accordingly, the court grants Hormel's motion for summary judgment on this claim.

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that Hormel's motion for summary judgment [Doc. No. 51] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  March 6, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court
